IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JOE McKINLEY JONES, JR.
ADC #108478                                                                                                    PETITIONER

v.                          Case No. 5:18-cv-00102 DPM-JTK

WENDY KELLEY, Director,
Arkansas Department of Correction                                                                 RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D.P. Marshall, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence to be proffered at the requested hearing before the United States

      District Judge was not offered at the hearing before the Magistrate Judge.

3.      An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A 149
> Little Rock, AR 72201-3325

## I. Introduction

Petitioner, Joe Jones, is a prisoner currently confined to the Grimes Unit of the Arkansas Department of Correction. On April 19, 2018, he initiated this § 2254 habeas action. (Docket entry #2). He has also filed a Motion for Leave to Proceed in forma pauperis (Docket entry #1) and a Motion to Appoint Counsel (Docket entry #3).

On October 11, 2010, Petitioner was convicted of possession of cocaine with the intent to deliver and possession of drug paraphernalia in Sebastian County, Arkansas. He was sentenced as a habitual offender to consecutive terms of 100 years imprisonment and thirty years imprisonment, respectively. On June 14, 2011, Petitioner was convicted of delivery of cocaine in Sebastian County, Arkansas, and he was sentenced as a habitual offender to ninety years imprisonment. He challenged both convictions in a federal habeas petition filed on February 26, 2013. The undersigned recommended that the petition be dismissed with prejudice, and the Court adopted that recommendation on September 3, 2014. *See Jones v. Hobbs*, Case No. 5:13-cv-00063 JLH-JTK.

The Eighth Circuit denied the application for a certificate of appealability, and dismissed the appeal on March 16, 2015. Petitioner filed an Amended Petition on July 6, 2016, and the petition was dismissed on July 7, 2016.

For the reasons set forth herein, the Court recommends that the current habeas petition be dismissed and that all pending motions be denied as moot.

## II. Discussion

A claim presented in a second or successive habeas petition under § 2254 must be dismissed unless the Petitioner can make a prima facie showing that he meets all of the requirements of 28 U.S.C. § 2244(b)(2). Importantly, this determination must be made by the Eighth Circuit Court of Appeals, not the United States District Court. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application"). Thus, in order for Petitioner to file and pursue this successive habeas action, he must obtain authorization from the Eighth Circuit, pursuant to 28 U.S.C. § 2244(b)(3)(A).

The instant petition is clearly a successive petition. Petitioner does not assert that he has sought or received permission from the United States Court of Appeals for the Eighth Circuit to file this petition. He may not file a successive petition in this Court without permission of the Eighth Circuit. Thus, all pending motions should be denied and the petition dismissed.

## III. Conclusion

Based on the foregoing, it is recommended that the instant petition be denied and dismissed and that all pending motions be denied as moot. Further, pursuant to 28 U.S.C. § 1915(a), the undersigned recommends the finding that an appeal from dismissal would not be taken in good faith.

SO ORDERED this 25th day of April, 2018.

_____
UNITED STATES MAGISTRATE JUDGE